IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMA TURNER, on behalf of herself and similarly situated employees, | : | CIVIL ACTION |
| | : | |
| | : | FILED ELECTRONICALLY |
| Plaintiff, | : | |
| v. | : | CLASS/COLLECTIVE ACTION |
| | : | |
| STAR HOME CARE PROVIDER, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Emma Turner ("Plaintiff") brings this lawsuit against Star Home Care Provider ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1.      Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.      Venue in this Court is proper under 28 U.S.C. § 1391.

**PARTIES**

4.      Plaintiff resides in Philadelphia, PA (Philadelphia County).

5.      Defendant is a corporate entity that is headquartered at 5913 N. Broad Street, Philadelphia, PA 19141 (Philadelphia County).

6.      Plaintiff is an employee covered by the FLSA and PMWA.

7.      Defendant is an employer covered by the FLSA and PMWA.

**FACTS**

8.      Defendant owns and operates a business that provides, *inter alia,* home and companionship services to clients located in and around Southeastern Pennsylvania.

9.      Defendant employs workers who are paid an hourly wage to provide services to Defendant's clients.  We will call these individuals "hourly employees."

10.      Plaintiff worked for Defendant as an hourly employee during the three-year period relevant to this lawsuit.

11.      Plaintiff, like other hourly employees, often worked over 40 hours per week.

12.      The FLSA and PMWA require that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1); 43 P.S. § 333.104(c).  Notwithstanding, Defendant often fails to pay such overtime wages.  For example, during the one-week pay period ending October 29, 2023, Plaintiff was credited with working 48 hours and was paid at her regular hourly pay rate of $13.00 for *all* such hours; no overtime premium payments were made.  As another example, during the one-week pay period ending November 5, 2023, Plaintiff was credited with working 50 hours and was paid at her regular hourly rate of $13.00 for *all* such hours; no overtime premium payments were made.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C.

§216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil

Procedure 23.  She sues on behalf of all individuals who, during any time after August 12, 2021,

have been employed by Defendant, paid an hourly wage, and credited with working a total of

over 40 hours during any week.

14.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and

other putative collective members, having worked pursuant to the common compensation

policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b)

and the associated decisional law.

15.     Class action treatment of Plaintiff's PMWA claim is appropriate because, as

alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

16.     The class is readily ascertainable based on Defendant's business records and is so

numerous that joinder of all class members is impracticable.

17.     Plaintiff is a class member, her claims are typical of the claims of other class

members, and she has no interests that are antagonistic to or in conflict with the interests of other

class members.

18.     Plaintiff and her lawyers will fairly and adequately represent the class members

and their interests.

19.     Questions of law and fact are common to all class members, because, *inter alia,*

this action concerns Defendant's common compensation policies, as described herein.  The

legality of these policies will be determined through the application of generally applicable legal

principles to common facts.

20.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

21.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

22.     In paying Plaintiff and other collective members regular hourly pay rates for hours worked over 40 per week, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II – PMWA

23.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

24.     Defendant has violated the PMWA by paying Plaintiff and other class members regular hourly pay rates for hours worked over 40 per week.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A.     Unpaid overtime wages and prejudgment interest;

B.     Liquidated damages to the fullest extent permitted under the FLSA;

C.     Litigation costs, expenses, and attorneys' fees; and

4

5

D.      Such other and further relief as the Court deems just and proper.


Date:  August 12, 2024                              Respectfully,

                                                    /s/ Mark J. Gottesfeld
                                                    Peter Winebrake
                                                    Mark J. Gottesfeld
                                                    Winebrake & Santillo, LLC
                                                    715 Twining Road, Suite 211
                                                    Dresher, PA 19025
                                                    (215) 884-2491
                                                    pwinebrake@winebrakelaw.com
                                                    mgottesfeld@winebrakelaw.com

# CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying

FLSA action.  I understand that I will be bound by the judgment of the Court on all

issues in this case.

_____
Signature – Emma Turner

The signed document can be validated at https://app.vinesign.com/Verify